# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA MARTIN, et al.,<br>       Plaintiffs,<br><br>             v.<br><br>SERRANO POST ACUTE LLC, et al.,<br>       Defendants. | CV 21-187 DSF (SKx)<br><br>Order GRANTING Motion to Remand (Dkt. No. 23) |

   Plaintiffs are family members of a man who died of COVID-19 while a resident of a nursing home owned or operated by the various Defendants. Defendants removed this case for the second time on the basis of federal officer jurisdiction and federal question jurisdiction. Plaintiffs again move to remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

   The Court will not repeat its reasoning from its prior order remanding this case. It sees no reason to revise any of it and the reasoning of the prior order is incorporated into this order. The only change in circumstances since the issuance of the prior remand order is that the Department of Health and Human Services issued a further Declaration on the application of the Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C. §§ 247d-6d, 247d-6e, and the HHS General Counsel issued an advisory opinion on January 8, 2021 regarding the scope of federal jurisdiction and application of the PREP Act. Neither document confers subject matter jurisdiction in this case.

The jurisdictional question does not hinge on whether the PREP Act "applies" to Plaintiffs' claims. Even if it does, federal question jurisdiction is available only if the PREP Act has such an extraordinary preemptive force that it "converts" state law claims related to the COVID-19 response into federal claims, City of Oakland v. BP PLC, 969 F.3d 895, 905 (9th Cir. 2020), or if the state law claim meets the high standard articulated in Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005) and further clarified in Gunn v. Minton, 568 U.S. 251, 258 (2013). In its first remand order, the Court concluded that neither doctrine provided federal subject matter jurisdiction over this case.

The HHS Secretary's Fourth Declaration purports to declare that claims covered by the PREP Act satisfy the Grable standard, and the HHS General Counsel's January 8, 2021 advisory opinion states that the PREP Act should be considered a statute that completely preempts state law claims for the purposes of federal question jurisdiction. Neither the Fourth Declaration nor the advisory opinion is binding on this Court because there is no indication that HHS has been delegated any authority to interpret the somewhat esoteric federal jurisdiction doctrines at issue. See Smith v. Berryhill, 139 S. Ct. 1765, 1778–79 (2019) ("agency may not bootstrap itself into an area in which it has no jurisdiction" such as "the scope of the judicial power vested by the statute"). Nor is either of these pronouncements persuasive because they are completely conclusory; they simply set out the relevant legal standard and state that the PREP Act satisfies it.

The motion to remand is GRANTED. The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: March 25, 2021

Dale S. Fischer
United States District Judge